Citation Nr: 1504682 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 10-33 084 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, 
the Republic of the Philippines


THE ISSUE

Basic entitlement to VA benefits, to include a one-time payment from the Filipino Veterans Equity Compensation (FVEC) Fund.


REPRESENTATION

Appellant represented by: Daniel G. Krasnegor, Attorney


WITNESSES AT HEARING ON APPEAL

Appellant, B.C., and F.V.


ATTORNEY FOR THE BOARD

K. Haddock, Counsel 
INTRODUCTION

This case comes before the Board of Veterans' Appeals (Board) on appeal from July 2009 and October 2009 administrative decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Manila, the Republic of the Philippines. 

In connection with this appeal, the appellant, B.C., and F.V. testified at a hearing before the undersigned Veterans Law Judge at the RO in April 2012. A transcript of that hearing is of record. 

This case was previously before the Board in September 2012, at which time the issue currently on appeal was denied. The appellant appealed that decision to the United States Court of Appeals for Veterans Claims. In an October 2014 Order, the Court granted a Joint Motion of the parties and remanded the case to the Board for action consistent with the Joint Motion. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900 (c) (2014).


FINDINGS OF FACT

1. A January 7, 2015, Board decision remanded the claim for development. 

2. Subsequent to the issuance of the January 7, 2015, Board remand, VA was notified that the appellant died on December [redacted], 2014, during the pendency of his appeal, and prior to the January 2015 remand. 


CONCLUSIONS OF LAW

1. Vacatur of the Board's January 7, 2015, remand is warranted. 38 U.S.C.A. § 7104 (West 2014); 38 C.F.R. § 20.904 (2014).

2. Because of the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2014); Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110-389, § 212, 122 Stat. 4145, 4151 (2008). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Vacatur

The Board may vacate an appellate decision when an appellant is denied due process of law. 38 C.F.R. § 20.904(a) (2014). Unfortunately, the appellant died during the pendency of the appeal and prior to the issuance of the January 2015. Although the appellant died on December [redacted], 2014, the VA did not receive notice of the appellant's death until after issuance of the Board remand, dated January 7, 2015. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330 (1997); Landicho v. Brown, 7 Vet. App. 42 (1994). Because of the appellant's death in December 2014, the Board lacked jurisdiction to adjudicate the issue on appeal in January 2015. Therefore, the January 7, 2015, remand must be vacated.

Dismissal

Unfortunately, the appellant died during the pendency of the appeal. As noted, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330 (1997); Landicho v. Brown, 7 Vet. App. 42 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2014). In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the appellant. 38 C.F.R. § 20.1106 (2014). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Any request must be filed not later than one year after the date of the appellant's death. Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110-389, § 212, 122 Stat. 4145, 4151 (2008).

A person eligible for substitution includes a living person who would be eligible to receive accrued benefits due to the claimant under 38 U.S.C.A. § 5121(a). 38 U.S.C. § 5121A (West 2014). Any eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the RO from which the claim originated.


ORDER

The Board's January 7, 2015, remand in the appeal of the issue of basic entitlement to VA benefits, to include a one-time payment from the FVEC Fund, is vacated. 

The appeal is dismissed.



____________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs